UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TITO E. MARRERO, | CASE NO. 1:16 CV 1693 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| v. | |
| MAGISTRATE JUDGE VECCHIARELLI, et al., | OPINION & ORDER |
| Defendants. | |

Plaintiff *pro se* Tito E. Marrero brings this civil rights action against the following Defendants, named in his Amended Complaint: Magistrate Judge Vecchiarelli, District Judge Solomon Oliver, Jr., FBI Agent, FBI Supervisor Anthony Stevens, FBI State Agency, Lorain County Judge Miraldi, Akron 9th District Appeals Judges Whitmore, Belfance and Dickinson, Lorain County District Attorney Dennis P. Will, Assistant County Prosecutors Tony Cillo, Steve List and Peter Gauthier, Attorney General Maura O'Neil Jaite, Lorain City Police Chief Cel Rivera, Lorain City Police Officer A.J. Mathewson, Lorain City Police Officer Tom Nimon, Lorain City Municipal Prosecutor Barry Motsch, State Court Reporter Anita Fines, Carmen Dejesus, Department of Rehabilitation and Corrections Chief Inspector Roger Wilson, Belmont State Prison Law Library Attendant Mr. Meager, Belmont Correctional Institution Warden Michelle Miller, Library Principal Litzenberger, Law Library Officer Hess, the Ohio Department of Corrections, Ohio Supreme Court Justice Maureen O'Connor, and Lorain County Defense Attorney Douglas Merrill.

Case No. 1:16 CV 1693
Gwin, J.

Plaintiff's 267-page Amended Complaint is rambling and disjointed, but appears to assert that his prosecution and conviction in Lorain County in 2008 was invalid. He alleges that his efforts to challenge the conviction - for trafficking in cocaine - were obstructed by Defendants, who conspired against him before, during and after he was convicted. The Defendant Judges are sued based on this alleged conspiracy and because of decisions adverse to Plaintiff they made with which Plaintiff does not agree. Plaintiff further alleges, in general terms, that an FBI agent obstructed his legal efforts while Plaintiff was in prison, and that the agent has followed him and broken into his apartment to plant monitoring devices. The FBI has also allegedly enlisted Plaintiff's family members to change criminal case transcripts.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id*. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

Case No. 1:16 CV 1693
Gwin, J.

A plaintiff may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether the plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Thus, to the extent Plaintiff seeks to raise claims which, if found to have merit, would call into question the validity of his conviction, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not so alleged.

Further, the defendant judges and prosecutors are absolutely immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 387 U.S. 547 (1967) (judges); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors). There is no reasonable suggestion in the Amended Complaint that these defendants acted outside the scope of those duties.

Finally, even liberally construed, the Amended Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim against any of the Defendants. S*ee*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). The Court therefore finds this case is appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (complaint may be summarily dismissed when claim is not arguably plausible); *cf. Denton v. Hernandez*, 504 U.S. 25 (1992) (case is frivolous when facts alleged rise to the level of the irrational or wholly incredible).

Case No. 1:16 CV 1693
Gwin, J.

Accordingly, this action is dismissed.

IT IS SO ORDERED.


Dated: July 20, 2016	*s/     James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE